UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAVID J. MONTINE, )
 )
        Petitioner, )
v. ) No. 2:10-cv-47-WTL-TAB
 )
BRUCE LEMMON, )
 )
        Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

Indiana prisoner David Montine ("Montine") is entitled to the writ of habeas corpus he seeks with respect to the disciplinary proceeding he challenges only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied**.

**Background**

The pleadings and the expanded record in this action establish the following:

1.    Montine is confined at an Indiana prison. In a proceeding identified as No. ISF 09-08-0020 he was charged with violating a federal, state or local law. The specific charge was that Montine had committed battery on another inmate at the Putnamville Correctional Facility on July 26, 2009.

2.    Montine was provided with a copy of the charge and notified of his procedural rights in connection with the matter. A hearing was conducted on August 6, 2009. Montine was present and made a statement concerning the charge. After considering Montine's statement and the other evidence, the hearing officer found Montine guilty as charged. He was then sanctioned.

3.    After completing his administrative appeal, Montine filed the present action. He contends that the disciplinary proceeding is tainted by constitutional error. His specific claims are that: 1) the conduct report does not support the charge and is not specific as to the state law violation; 2) he was denied his request for a continuance; 3) the staff did not provide him with the a detailed summary of the confidential evidence: and 4) no photos were taken of the victim's injuries or of Montine's hands to show that he did not commit the battery.

**Discussion**

When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned

good-time credits or the demotion in credit earning class, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Montine was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Montine received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Montine was given the opportunity to appear before a hearing officer and make a statement concerning the charge, (2) the hearing officer issued sufficient statements of the findings, and (3) the hearing officer issued written reasons for their decisions and for the sanctions which were imposed. In addition, although certain investigative reports and information considered by the hearing officer was not supplied to Montine, the circumstances under which this occurred satisfied the requirements of due process. *Mendoza v. Miller,* 779 F.2d 1287, 1293, 1295 (7th Cir. 1985) (a conduct board may keep secret the identities and identifying information about confidential informants because "revealing the names of informants . . . could lead to the death or serious injury of . . . the informants; "prison officials may satisfy the inmate's right to procedural due process by documenting the reliability of the informant in a confidential report and submitting that report to the court for *in camera* review"); *Wagner v. Williford,* 804 F.2d 1012, 1016 (7th Cir. 1986) (upholding reliability determination only after noting that court below had been able to review the very same "confidential material on which the IDC relied" in making the determination); *see also Dawson v. Smith,* 719 F.2d 896, 899 (7th Cir. 1983).

Montine's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

Montine's first claim is that the notice of the charge did not specify the state law he was accused of violating. However, as set forth above, Montine received notice of the charge as required under *Wolff*. Montine was given the conduct report, the incident report and the screening report on August 4, 2009, prior to his August 6, 2009, hearing. In addition, the conduct report recited that Montine was charged with attacking and causing serious bodily injury "on another offender in his dorm with the aid of two (2) other offenders." The conduct report also specified the date, approximate time and the location of the incident. Furthermore, the incident report identified the victim of the attack, specified his injuries and detailed that he was transported to a hospital where he was diagnosed with a fractured eye socket. The claim of insufficient notice is without merit because there was ample notice.

Montine's second claim is that his request for a continuance should have been

granted and that denial of the continuance violated the Department of Correction's Adult Disciplinary Policy. However, as set forth above, Montine received adequate notice of the hearing, so he was not entitled to a continuance. Furthermore, Montine's claim that the denial of a request for a continuance violated the Adult Disciplinary Policy is a non-starter because this claim rests on an alleged violation of state law. A claim of this nature does not support federal habeas corpus relief under 28 U.S.C. § 2254(a). *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990).

Montine's third claim is that he requested "all evidence." His fourth claim is that his request that photographs be taken of his hands to show that he did not commit a battery upon the victim was rejected and that no photographs were taken of the victim's injuries. These claims were not presented during the administrative appeal process. Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default.

Montine states in his memorandum in support of his response that he "brought all issues before both the facility and the Final Reviewing Authority" and that his exhibits D1-D6 "will show I did in fact include all claims." The pleadings and the expanded record show that Montine did not include his third and fourth claims in his administrative appeal. Montine could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Montine has not shown cause for and prejudice from his failure to include these claims in his administrative appeal. Accordingly, the court is precluded from reaching the merits of these claims.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Montine to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/25/2010

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana